OPINION
This appeal emanates from the Mentor Municipal Court. Appellant, Gregory P. Kinkopf, appeals his conviction for possession of drug paraphernalia.
On November 30, 1998, appellant was charged with drug abuse, a misdemeanor of fourth degree, in violation of § 139.01 of the Mentor City Code, and possession of drug paraphernalia, a misdemeanor of the first degree, in violation of the § 139.02(D) of the Mentor City Code. At his initial appearance on December 2, 1998, appellant entered a plea of not guilty to both charges. On January 25, 1999, appellant filed a motion to suppress and a suppression hearing took place on February 1, 1999.
The following facts were adduced at the suppression hearing. Officer Michael Bruening ("Officer Bruening") of the Mentor Police Department testified that on November 27, 1998, at about 2:09 a.m., while he was on routine patrol, he noticed a vehicle parked behind the Smythe Cramer building on Mentor Avenue. The parking lot was not owned by the city of Mentor, but was owned by Smythe Cramer. He was unable to ascertain whether the car was occupied, but he saw "what appeared to be a beer bottle sitting directly next to the passenger door, and it appeared that its contents had just been poured out from that beer bottle." Furthermore, next to the beer bottle, he detected a plastic bag. He shined his spotlight on the car and noticed movement from the occupants inside.
As Officer Bruening approached the vehicle, he looked inside the plastic bag and found a half-empty forty-ounce bottle of beer. He glanced inside the car, went around to the passenger side, and spoke with the occupants. Upon conversing with the passengers, three men in all, he learned that the car belonged to appellant. He smelled a strong odor of alcohol emanating from the auto, so he told everyone to exit it.
Officer Bruening proceeded to conduct a quick search of the interior of the car to see if there were any open containers or contraband. He found a small plastic cup located on the middle console, which contained a small smoking pipe. He explained that "[f]rom past work experience, this pipe was exactly the pipe that was used to smoke marijuana." He sniffed the pipe and it had an odor of freshly burned marijuana. When Officer Bruening showed the pipe to appellant, he told the officer that "[y]eah, [t]hat's my pipe." Upon a further search of the automobile, Officer Bruening also found a small hand-rolled cigarette, which appeared to be a marijuana cigarette, under the front driver's seat, and an open container of beer in the back seat. Subsequently, he issued appellant a citation for drug abuse and possession of drug paraphernalia.
At the end of the hearing, the trial court overruled appellant's motion to suppress. Appellant entered a plea of no contest to the charge of possession of drug paraphernalia. He was found guilty of that charge, and the charge of drug abuse was dismissed. Appellant was fined $300, sentenced to a term of thirty days in jail, with twenty-three days suspended, and placed on six months probation.
This court initially determined that the February 1, 1999 entry was not a final appealable order. However, appellant filed a memorandum in support of jurisdiction and a subsequent entry dated April 20, 1999, which constituted a final appealable order. Thus, this appeal was considered prematurely filed. Moreover, appellant filed a motion for stay on February 23, 1999, which was granted that same day. Appellant now asserts the following as error:
 "The lower court erred in denying appellant's motion to suppress statements and evidence."
 Appellant's sole contention is that the trial court erred in overruling his motion to suppress.
The Fourth Amendment cannot be invoked unless the person has been "seized." In other words, before an officer's actions will be scrutinized under the constitutional provision, it must be shown that the officer restrained the citizen's liberty through the use of physical force, no matter how slight, or through a show of authority. Terry v. Ohio (1968), 392 U.S. 1, 19. Thus, "* * * not all personal intercourse between policemen and citizens involves `seizures' of persons. Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a `seizure' has occurred." Id. at 19, fn. 16; State v. Johnston (1993), 85 Ohio App.3d 475,478.
A police officer may approach an individual for a consensual encounter, which is not considered a seizure for Fourth Amendment purposes. Florida v. Bostick (1991), 501 U.S. 429, 434. The hallmark of a consensual encounter is that a reasonable citizen must feel "free to decline the officers' requests or otherwise terminate the encounter." Id. at 439. A seizure occurs "only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed he was not free to leave."United States v. Mendenhall (1980), 446 U.S. 544, 554. Factors suggesting that a seizure has occurred include the presence of multiple police officers, the displaying of a weapon by the police, the use of language suggesting that compliance with police requests is compelled, and the physical touching of the citizen.Id. at 554.
This court has previously held a seizure does not occur when a single police officer approaches a parked vehicle and engages the occupants in conversation. City of Willowick v. Sable
(Dec. 12, 1997), Lake App. No. 96-L-189, unreported, at 8. InSable, an officer, while on routine patrol, observed a vehicle in the parking lot of a bar. The officer viewed the parked automobile for several minutes with its brake lights illuminated and decided to investigate. Because none of the Mendenhall factors suggesting coerciveness were present, this court held that the officer's interaction with the citizen did not overstep the bounds of a consensual encounter. Id. at 11.
We note that to justify an investigative stop, an officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Terry, 392 U.S. at 21. The assessment is to be judged against an objective standard. Id. at 21-22. "`An inarticulate hunch or suspicion is not enough. The officer must have a reasonable belief and specific facts upon which a reasonable suspicion could be based that appellant was violating or about to violate the law.' Terry * * *; Brown v. Texas
(1979), 443 U.S. 47; Delaware v. Prouse (1979)[,] 440 U.S. 648."State v. Kish (Nov. 5, 1999), Lake App. No. 98-L-148, unreported, at 5, quoting Mentor v. Webb (June 30, 1993), Lake App. No. 92-L-158, unreported, at 4. The determination of a reasonable suspicion must be made in light of the totality of the surrounding circumstances. State v. Bobo (1988), 37 Ohio St.3d 177, paragraph one of the syllabus.
In State v. Freeman (1980), 64 Ohio St.2d 291, 295, in holding that an officer had the right under the circumstances to minimally intrude upon an appellant, the Supreme Court of Ohio looked to the following specific and articulable facts:
 "(1) the location of the investigation being a high crime area; (2) the officer being quite aware of recent criminal activity in the motel parking lot in which appellant was parked; (3) the time of night being 3:00 a.m.; and (4) the appellant sitting alone in the car at the rear of the building for approximately 20 minutes with the engine turned off."
 In the case at hand, Officer Bruening noticed the automobile in a parking lot at 2:09 a.m., but he was unable to tell whether the car was occupied. He saw what appeared to be a beer bottle in front of the vehicle along with a plastic bag. When he shined his spotlight onto the car, he noticed movement. Thereafter, he approached the vehicle and engaged in a conversation with the occupants. Hence, we cannot conclude that appellant was seized at the moment that Officer Bruening approached his vehicle and knocked on the window. At that point, it was a consensual encounter for which Officer Bruening was not required to have a reasonable suspicion of criminal wrongdoing in order to advance toward the car.
Moreover, none of the Mendenhall factors suggesting coerciveness were present at that time in this case. Appellant's vehicle was not surrounded by a multitude of police officers. Likewise, Officer Bruening never displayed a weapon to appellant. He also did not use language suggesting that appellant was compelled to comply with any order, nor did he physically touch appellant prior to arresting him.
In light of the circumstances surrounding the interaction, it is our view that appellant was not seized at the time Officer Bruening initially approached his parked car. At that point, it was a consensual encounter for which the officer was not required to have a reasonable suspicion of criminal wrongdoing in order to approach the vehicle. See State v. Welz (Dec. 9, 1994), Lake App. No. 93-L-137, unreported, at 5-6.
However, after Officer Bruening approached the car and observed occupants in it, he began conversing with them and smelled a strong odor of alcohol on appellant. A seizure occurred when Officer Bruening ordered appellant out of the vehicle. Nonetheless, the seizure was not unconstitutional since Officer Bruening had a reasonable and articulable suspicion of criminal conduct given the time of night, the odor of alcohol, and his observation of the beer bottles along with spilled liquid outside the vehicle. Further, appellant voluntarily consented to Officer Bruening's request to roll down the window, which led to other facts that provided the requisite probable cause to conduct a further search of his automobile that led to the arrest of appellant.
We must now determine whether the nonconsensual search of appellant's vehicle violated the Fourth Amendment. Appellant contends that Officer Bruening illegally searched the vehicle because he did not have probable cause to justify a warrantless search or a reasonable belief that appellant or his passengers were armed and dangerous justifying a protective search of the vehicle. Appellant's assertion that the police lacked probable cause to search his vehicle because the search did not fall within the "automobile exception" to the warrant requirement lacks merit. Officer Bruening may not have believed that the car contained contraband or other evidence subject to seizure, but he had a reasonable suspicion that the occupants had been drinking because of the odor of alcohol emanating from the car and the immediately adjacent presence of a recently emptied bottle of beer and a half-empty bottle of beer.
The Fourth Amendment of the United States Constitution and Section 14, Article I of the Ohio Constitution require an officer to first obtain a warrant based on probable cause before conducting a search. However, this warrant requirement is subject to a number of well-established exceptions, such as the automobile exception. When an officer has probable cause to believe a vehicle contains evidence of a crime, contraband, or other evidence that is subject to seizure, the officer may conduct a warrantless search of every part of the car and its contents, including all moveable containers and packages, that could logically conceal the objects of the search. United States v.Ross (1982), 456 U.S. 798. Further, the Supreme Court of Ohio has held the following:
 "The well-established automobile exception allows police to conduct a warrantless search of a vehicle if there is probable cause to believe that the vehicle contains contraband or other evidence that is subject to seizure, and exigent circumstances necessitate a search or seizure. * * * The mobility of automobiles often creates exigent circumstances, and is the traditional justification for this exception to the Fourth Amendment's warrant requirement. * * * If the police had probable cause for the search, the search was constitutional." State v. Mills (1992), 62 Ohio St.3d 357, 367 (citations omitted); see, also, In re Dengg (1999), 132 Ohio App.3d 360, 366.
 In the case sub judice, Officer Bruening had probable cause to conduct a warrantless search of the car. He saw a bottle as he advanced toward the car. Once he was closer, he observed an open container outside, a half-empty container in a plastic bag, and some beer spilled near the vehicle. Thus, as he approached appellant's car, he had some suspicion that there could be an open container in it. Thereafter, he asked the occupants to roll down their window and, along with the beer bottles located outside the car, he noticed an odor of alcohol from the vehicle.[1] At that point, he asked the passengers to exit the auto and he had probable cause to believe that there was evidence of a crime, i.e. more open containers, in the car to conduct a warrantless search. It was at that time that the pipe, marijuana cigarette, and another open container of beer were found. Therefore, the search and seizure of the illegal drugs were proper.
For the foregoing reasons, appellant's assignment of error is not well-taken. The judgment of the Mentor Municipal Court is affirmed.
 ___________________________________________________ PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J., O'NEILL, J., concur.
[1] We note that the odor of alcohol alone would not have supported a search. However, that fact along with the other observations formed the basis for a valid search.